UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

E. ARMATA, INC.,
            Plaintiff,

v.                                                                                       Civ. Action No. 08-5212 (KSH)

27 FARMERS MARKET, INC., KIM SA GON
and HONG KIM,

            Defendants.                                                **OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I.      BACKGROUND**

In this action, which arises under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499(c)(5) ("PACA" or "the Act"), plaintiff E. Armata, Inc. ("Armata") sues defendant 27 Farmers Market, Inc. ("27 Farmers Market") and individual defendants Kim Sa Gon and Hong Kim for non-payment in the amount of $9,800.$^{00}$ for perishable goods delivered in August and September 2006. Armata also seeks prejudgment interest of $4,660.$^{63}$ and legal fees and costs of $5,855.$^{81}$, for a combined amount of $20,316.$^{44}$.

On this motion, Armata seeks default judgment against all defendants after having sought entry of default with the Clerk. The Clerk of Court entered default as to all defendants on December 2, 2008. 27 Farmers Market has not opposed default judgment. Defendants Kim Sa Gon and Hong Kim have submitted affidavits in opposition to default judgment, seeking that entry of default be vacated and that they be permitted to file a responsive pleading and defend the case on the merits.

The factual basis for this PACA action stems from deliveries made by Armata to 27 Farmers Market between August 24, 2006 and September 5, 2006 of wholesale quantities of

1

perishable commodities allegedly worth $15,700.$^{00}$. (Armata Cert., D.E. 11-5, ¶ 3.) Armata states that it preserved its interest in the perishables by providing PACA-compliant invoices with the goods, but that defendants paid only $5,900.$^{00}$ [1] of the total $15,700.$^{00}$ owed, ultimately leaving a $9,800.$^{00}$ balance unpaid. (Armata Cert., D.E. 11-5, ¶ 12.)

In the certification of counsel on behalf of individual defendants Kim Sa Gon and Hong Kim in opposition to default judgment, counsel states that the individual defendants have meritorious defenses because they "are mere employees." (Supplemental Cert. Counsel Opp'n Default ¶ 3.) Individual defendants, in their own affidavits and through counsel's, deny that they are principals of 27 Farmers Market and assert that Kim Sa Gon transferred his ownership stake[2] in early 2005. (D.E. 13 (Hong Kim Aff.; Kim Sa Gon Aff.).) Hong Kim claims that she was never a principal of 27 Farmers Market. (D.E. 13 (Hong Kim Aff. ¶¶ 1, 5.) Kim Sa Gon and Hong Kim further represent that they "shall file an Answer to the Complaint once the Motion is denied." (Supplemental Cert. Counsel Opp'n Default ¶ 4.)

In its reply papers, Armata argues that due to 27 Farmers Market's status as a licensed dealer under PACA, the PACA license can be relied upon, which identifies both Kim Sa Gon and Hong Kim as the *only* "reported principals" of 27 Farmers Market. This is supported by Armata's Exhibit A, which is a printout from a USDA website indicating that PACA license number 20071380 was issued on 9/24/2007 to 27 Farmer's Market, Inc. with reported principals listed as Armata contends. This is especially noteworthy because Kim Sa Gon is listed as a

---

[1] Based on Christopher Armata's Certification, it seems that a later payment by defendants of $1,000 was credited against receivables from 27 Farmers Market (*i.e.* leaving a balance of $9,800), although Armata's default motion states that $10,800 is still owed. (Armata Cert., D.E. 11-5, ¶ 12.) Given the primary-source nature of Armata's Certification, the Court will refer to the amount as $9,800.

[2] It should be noted with respect to the transfer of 50% ownership stake from Kim Sa Gon to Hyun Do Kim that, in addition to having the same surname, both individuals reside at the same address, 716 Correll Avenue, Staten Island, New York (according to their Stock Purchase Agreement).

reported principal as of September 2007 despite his contention that he transferred his ownership stake to Hyun Do Kim nearly two and one-half years earlier, in January 2005.

## II.     DEFAULT JUDGMENT STANDARD

Although "entry of a default judgment is left primarily to the discretion of the district court," the Third Circuit has found that "[t]his discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). "Before granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted; (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct." *Jimenez v. Marnell*, 06-2676, 2006 U.S. Dist. LEXIS 82860, at *4 (D.N.J. Nov. 13, 2006) (Debevoise, J.).  A defendant may seek to vacate entry of default under Fed. R. Civ. P. 55(c), which provides "[t]he court may set aside an entry of default for good cause." "The same three factors are used to determine whether to set aside a default under Rule 55(c)" as are used to decide whether to enter default judgment. *Marnell*, 2006 U.S. Dist. LEXIS 82860, at *5; *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

## III.    DISCUSSION

Jurisdiction in the district court is proper, pursuant to PACA, which provides "The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust." 7 U.S.C. § 499e.  A separate analysis must be undertaken with respect to individual defendants Kim Sa Gon and Hong Kim on one hand, and 27 Farmers Market on the other, because of the different postures of each defendant in this action.

*A.     27 Farmers Market*

Critically, 27 Farmers Market has filed no response to this motion and nothing whatsoever in this action. Under Fed. R. Civ. P. 55(b)(2), courts may enter default judgment against a properly served defendant who fails to plead or otherwise defend an action. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) and must first determine whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Directv, Inc. v. Asher*, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). The Court must therefore determine if Armata states a valid claim against 27 Farmers Market under the PACA.

PACA was "designed primarily for the protection of the producers of perishable agricultural products -- most of whom must entrust their products to a buyer or commission merchant who may be thousands of miles away, and depend for their payment upon his business acumen and fair dealing." *Weis-Buy Servs. v. Paglia*, 411 F.3d 415, 419-20 (3d Cir. 2005) (citations omitted). Although originally enacted in 1930, in 1984 In 1984 Congress amended the Act to include "a non-segregated floating trust for the protection of producers and growers," which permits the "commingling of trust assets." *Id.* at 420. In reviewing PACA legislative history, the Third Circuit found: "It is clear that Congress intended to create a system by which producers and growers would be secured in their transaction with buyers, and in return they were expected to make prompt claims when the buyers failed to pay." *Id.*

The invoices provided to 27 Farmers Market set forth language in clear print notifying the recipient of the goods that a trust is created pursuant to PACA upon delivery:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable [A]gricultural Commodities Act, 1930 (7 U.S.C. 499 (e)(c)).  The seller of the these commodities retains a trust claim over these commodities, all inventories of food or other products derived from commodities and any receivables or proceeds from the sale of these commodities until full payment is received.  In the event of the enforcement of our trust claim, we will seek to recover reasonable attorney's fees and the costs of recovery.

(D.E. 11-5, Armata Cert., Exh. 1.)  It is evident that Armata intended to create a floating trust pursuant to PACA.  The Act specifies that damages may be recovered in full:

> (a) Amount of damages. If any commission merchant, dealer, or broker violates any provision of section 2 [7 U.S.C. § 499b] he shall be liable to the person or persons injured thereby for the full amount of damages (including any handling fee paid by the injured person or persons under section 6(a)(2) [7 U.S.C. § 499f(a)(2)]) sustained in consequence of such violation.

7 U.S.C. § 499e.  Attorney's fees and pre-judgment interest may also be recovered under the Act if there was a contractual basis in the contract.  *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) (quoting 7 U.S.C. § 499e(c)(2)) (stating that with respect to PACA, Congress "chose to allow 'full payment of the sums owing in connection with [commodities] transactions.' This unambiguously encompasses not only the price of commodities but also additional related expenses. Such related expenses include attorney fees and interest that buyers and sellers have bargained for in their contracts."); *Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1224 (9th Cir. 2002) ("[I]t cannot be contended seriously that interpreting PACA claims to include contractual rights to attorneys' fees and interest under the 'in connection with' language of the statute is contrary to the statute's purpose, absurd, or 'demonstrably at odds with the intentions of the drafters.' There is no evidence that Congress intended to exclude contractual rights to attorneys' fees and interest as

outside the scope of a PACA claim."). A contractual basis for attorney's fees and prejudgment interest exists in the invoice Armata sent to 27 Farmers Market. The record also shows that 27 Farmers Market was licensed under the Act; that itemized invoices demonstrate that quantities of produce were accepted by 27 Farmers Market; and that an outstanding receivable of $9,800.00 was owed to Armata, plus prejudgment interest of $4,660.63 and legal fees and costs of $5,855.81, for a combined amount of $20,316.44. Accordingly, under the Act, the measure of damages comports with an appropriate damages claim. Accordingly, Armata has set forth a valid claim under PACA for recovery from the PACA trust, and 27 Farmers Market has failed to plead or defend this action. Thus, default will be entered pursuant to Fed. R. Civ. P. 55(b)(2) against 27 Farmers Market in the amount of $20,316.44.

   B. *Kim Sa Gon and Hong Kim*

Having established the validity of the substance of Armata's claim against defendants on the whole, the Court now addresses whether default judgment is proper against individual defendants Kim Sa Gon and Hong Kim. The Third Circuit has held that "individual officers and shareholders, in certain circumstances, may be held individually liable for breaching their fiduciary duties under PACA." *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 421 (3d Cir. 2005). Although individual defendants Kim Sa Gon and Hong Kim assert that they are mere employees of 27 Farmers Market, even as of September 24, 2007 the PACA licensing information for 27 Farmers Market reflected that they were principals. Despite Kim Sa Gon's claims that he transferred his 50% ownership interest in 27 Farmer's Market to Hyun Do Kim in January 2005, that defense is dubious given the same residence address of the transferee, Hyun Do Kim. Hong Kim, whose returned summons (D.E. 6) reflects a spousal relationship with Kim

Sa Gon, asserts that she was never a principal of 27 Farmers Market and is only a part-time cashier there. (D.E. 13 (Hong Kim Aff. ¶¶ 1, 4.)

Applying the requisite factors, the Court must first consider whether Armata would be prejudiced if the Court did not enter default. This factor militates in favor of granting default judgment because Armata may not be able to recover the judgment from 27 Farmers Market and may need recourse to its principals, especially in light of the fact that it had its corporate status revoked by the state as of July 16, 2006 for not filing annual reports. Ostensibly, any judgment would be unrecoverable against 27 Farmers Market and its principals—whether Kim Sa Gon and Hong Kim or not—would escape liability, which would contravene PACA's legislative intent. More importantly, however, the second factor, "whether defendant has a meritorious defense," significantly weighs in favor of granting default judgment. Kim Sa Gon and Hong Kim did not file motions to vacate default but instead filed certifications that set forth bare assertions that they are employees—and not principals—of 27 Farmers Market. Those affidavits are undercut by the PACA license information, showing that they are principals. Further, it would seem that individual defendants' delay did result from culpable or dilatory conduct in that they cite their unfamiliarity with English despite their conducting business in New Jersey for several years. In sum, the factors balance in favor of granting default judgment because: (1) Armata would prejudiced if default were not entered; (2) individual defendants do not have meritorious defenses; and (3) individual defendants' appears to have been caused by culpable conduct.

In sum, because Kim Sa Gon and Hong Kim did not defend this action, do not present meritorious defenses and do not adequately oppose the motion for default judgment, the motion for default judgment against individual defendants is hereby granted.

## IV.     CONCLUSION

For the foregoing reasons, Armata's motion for default judgment is granted as to 27 Farmers Market and individual defendants Kim Sa Gon and Hong Kim.  Individual defendants Kim Sa Gon's and Hong Kim's motion to vacate the entry of default is denied.  An appropriate judgment and order will be entered.

/s/  Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge
